UNITED STATES DISTRICT COURT

District of Minnesota

---

Civil Action # 11-1566 JNE/SER

Signature Capital

V.

Gulabtech, LLC

COMPLAINT FOR TORT OF CONTRACTUAL INTERFERENCE AND SPECIFIC PERFORMANCE

---

The basis of Jurisdiction is Diversity of citizenship under 28 U.S.C. 1332, where the parties are from different states.

Plaintiff complains and for causes of action alleges as follows:

### FIRST CAUSE OF ACTION

### (TORT OF CONTRACTUAL INTERFERENCE)

1. Plaintiff, Signature Capital, is an individual and is now, and at all times mentioned in this complaint was, a resident of Hennepin County, Minnesota.

2. Defendant, Gulabtech, LLC ("Gulabtech") is now, and was a Limited Liability Company existing under the laws of the state of Nebraska, with its principal place of business in Omaha, Nebraska, 11144 Mockingbird Drive, Omaha, Nebraska 68137.

3. Plaintiff is informed and believes, and on the basis of that information alleges, that the defendant was in some manner legally responsible for the events and happenings alleged in this complaint and for plaintiff's damages.

4. Plaintiff is informed and believes, and on the basis of that information alleges, that


SCANNED
JUN 14 2011
U.S. DISTRICT COURT MPLS

at all times mentioned in this complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

5. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, defendant Gulabtech was and is the assignee of the secured Convertible Debenture ( the "Debenture") by LocatePlus Holdings Corporation on March 20, 2007 to Cornell Capital Partners (now YA Global Investments, L.P.) ("YA Global") in the aggregate principal amount of $6,000,000 of which $3,000,000 was advanced immediately.

6. The second installment of $2,000,000 was to be advanced immediately prior to the date the Registration Statement was declared effective by the Commission.

8. The last installment of $1,000,000 was to be advanced immediately prior to the date the Registration Statement was declared effective by the commission.

9. The remaining $3,000,000 was not funded due to the company failing to file the necessary Registration Statement.

10. The Debenture matured on the third anniversary of the date of issuance and is now in default.

11. As of March 18, 2011 $2,702,990 in principal amount plus $658,822.95 in interest was due and owing according to YA Global.

12. The Holder of the Debenture may convert at any time amounts outstanding under the Debenture into shares of common stock LocatePlus Holdings.

14. Under the purchase agreement the Debenture is secured by substantially all of LocatePlus Holdings Corporations, and its wholly owned subsidiaries assets.

15. On January 12, 2011 Plaintiff retained Albanian Capital Enterprises, Inc. and/or Tom Murphy to act as the company's M&A advisor/Consultant with respect to taking control of LocatePlus Holdings Corporation.

16. On March 3, 2011 Tom Murphy and/or Albanian Capital Enterprises, Inc. forwarded to plaintiff a draft of the Non-Recourse Assignment and Allonge for the Debenture by LocatePlus Holdings Corporation.

17. On March 3, 2011 attorney for plaintiff informed YA Global that he was in receipt of the draft Non-Recourse Assignment and Allonge which was received from Tom Murphy and/or Albanian Capital Enterprises, Inc.

18. On March 4, 2011 plaintiffs attorney notified plaintiff that he requested on behalf of plaintiff exhibits from YA Global to complete due diligence on the Debenture.

19. On March 14, 2011 YA Global provided the exhibits to plaintiff.

20. On March 25, 2011 plaintiff's attorney informed YA Global that the documents appear to be acceptable and accordingly plaintiff request that arrangements be made to schedule closing.

21. On March 25, 2011 YA Global responded that they had entered into an agreement to sell the Debenture to another party.

21. On March 22, 2011, YA Global notified LocatePlus Holdings Corporation that it had agreed to assign the Debenture to Gulabtech, subject to certain unspecified conditions.

22. On or about March 3, 2011 before and after receipt of the draft Non-Recourse Assignment and Allonge Tom Murphy and/or Albanian Capital Enterprises, Inc. asked plaintiff if it could participate in the purchase of the Debenture with other investors and plaintiff said only Tom Murphy could do so.

23. Soon thereafter on or about March 5' 2011 Tom Murphy and/or Albanian Capital Enterprises, Inc. ceased communicating on behalf of plaintiff and asked plaintiff to cease its interest in LocatePlus.

24. Immediately on or about March 22, 2011 plaintiff sent by certified mail notice to Gulabtech and Tom Murphy and Albanian Enterprises, Inc. that it would seek specific performance and an injunction for tort of contractual interference.

25. Gulabtech refused service or to retrieve the certified mail which was returned to plaintiff.

26. Thereafter, on April 15, 2011 plaintiff filed an information statement with the commission that the majority of the stock holders have consented to remove the Directors and replace them.

27. On May 5, 2011 plaintiff launches offer for LocatePlus Holdings Corporation.

28. On June 3, 2011 LocatePlus Holdings Corporation received a notification of Secured Party Disposition of Collateral by way of public sale on behalf of Gulabtech, holder of the Secured Convertible Debenture of LocatePlus Holdings Corporation and associated loan documents, including a Security Agreement, acquired by purchase by Gulabtech on March 18, 2011 from YA Global.

29. The notification asserts that the Debenture is in Default and outstanding principal and interest due on the Debenture as of May 31, 2011 was $3, 431,040.19.

30. The notification further states that a public auction sale of the collateral consisting of all the assets of LocatePlus Holdings Corporation will be held Tuesday June 21, 2011, at 11:00 a.m. at the offices of Murtha, Cullina LLP, 99 High Street, 20th Floor, Boston, Massachusetts.

31. At the time of the execution of the assignment of the Debenture it had a reasonable value of $1,300,000 based on the default and the condition of LocatePlus Holdings Corporation. Therefore, the agreed purchase price and tender was fair, just, and adequate.

32. Defendant's interference have damaged plaintiff such that he has no adequate remedy at law and no other affordable equivalent options.

WHEREFORE, plaintiff demands judgment against defendant as set forth below.

## SECOND CAUSE OF ACTION

## (SPECIFIC PERFORMANCE)

33. Plaintiff incorporates by reference paragraph 1-34, inclusive, as if fully set forth.

35. Defendants interference have damaged plaintiff such that he has no adequate remedy at law and no other affordable or equivalent options.

WHEREFORE, plaintiff demands judgment against defendants as follows:

1. For a jury trial.

2. For an order that defendant and its agents specifically return the Debenture at cost.

3. Punitive damages in an amount to be determined at trial.

4. For attorney fees in an amount to be determined.

5. For cost of suit; and

6. For any other and further relief the court considers proper.

Dated: 6/13/2011                                            *Carl Green* (signature)

                                                            Carl Green

                                                            601 Carlson Parkway

                                                            Suite 1050

                                                            Minnetonka, MN 55305

                                                            952-449-5275

## VERIFICATION

I, Carl Green am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information, and as to those matters, I believe to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Hennepin County, Minnesota.

Dated: 6/13/2011                                            *Carl Green* (signature)

                                                            Carl Green